IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN ALBERTO SILVA MARTINEZ,     )
               Plaintiff,     )
                                   )
   vs.                                 ) Civil Action No. 08-936
                                   ) Judge Nora Barry Fischer/
                                   ) Magistrate Judge Amy Reynolds Hay
SCI GREEN ADMINISTRATION;     )
JANIS NIEMIC, Unit Manager,     )
              Defendants.     )

<u>REPORT AND RECOMMENDATION</u>

I.    <u>RECOMMENDATION</u>

       It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.    <u>REPORT</u>

       The plaintiff, Juan Alberto Silva Martinez, presented a civil rights complaint against SCI Green Administration and Janis Niemic, Unit Manager, along with a motion for leave to proceed *in forma pauperis* on July 7, 2008. On August 13, 2008, this court issued an order advising plaintiff that he failed to include a certificate of an authorized officer as to the amount of money and securities on deposit in his prison account or a proper affidavit of non-compliance in support of motion to proceed *in forma pauperis* and was given until August 29, 2008, to either submit the appropriate paperwork or pay the requisite $350.00 filing fee [Dkt. 2]. Plaintiff failed to comply with the court's order and on September 22, 2008, a second order was issued giving plaintiff until October 10, 2008 to submit the required paperwork or the filing fee and further advising plaintiff that the court does not accept correspondence, letters or other communications from a party and that the court only recognizes and acts on motions or briefs

that are properly filed with the Clerk of Court and served on the opposing parties [Dkt. 3]. To date, plaintiff has still failed to submit either the requisite paperwork or the filing fee or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's orders and weigh heavily against him as his failure to submit the requisite paperwork or the filing fee so that his case can move forward is not only solely his personal responsibility but his failure to do so almost ten weeks after first being directed to appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's order -- there appears to be no specific prejudice to

defendants as the complaint has not yet been filed or served. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since plaintiff is currently incarcerated and has failed to submit the requisite filing fee, it does not appear that monetary sanctions are appropriate. Moreover, as evidenced by his failure on two occasions to submit the paperwork necessary to the progress of his case, it appears that plaintiff has no serious interest in pursuing this case and dismissal is the most appropriate action for the court to take. As such, it is respectfully recommended that the case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 5 November, 2008

cc: Juan Alberto Silva Martinez
DZ-0785
SCI Greene
175 Progress Drive
Waynesburg, PA 15370